STATE OF GEORGIA
OCONEE COUNTY

## DECLARATION OF JAMES W. HURT, JR.

Pursuant to 28 U.S.C. § 1746, James W. Hurt, Jr. declares as follows:

## INTRODUCTION

1.  My name is JAMES W. HURT, JR., I am over the age of twenty-one (21), and I am competent in all respects to testify regarding the matters set forth herein.

2.  I voluntarily give this DECLARATION in support of the Motions for Attorney fees in the case of <u>Jeffrey Cross and Pamela Cross v. EquityExperts.org, LLC d/b/a Equity Experts</u>, U.S. District Court, N.D. Ga., Civil Action File No. 1:17-cv-03804-AT-JDF.

3.  The factual matters in this DECLARATION are based upon my personal knowledge unless stated otherwise.

4.  Matters of opinion expressed in this DECLARATION are my opinions formed based upon my own experience and knowledge.

## INFORMATION REGARDING DECLARANT

5.  I am an attorney at law licensed to practice in the State of Georgia.

6.  I am a 1989 graduate of the University of Georgia having received a Bachelor of Science Degree in Microbiology.

7.      I am a 2003 graduate of the Georgia State University School of Law and have been admitted to practice law in the state of Georgia since November 1, 2003.

8.      I am a member of the Western Circuit Bar Association, a frequent lecturer of the Georgia Trial Lawyers Association (GTLA), an Executive Board Member of GTLA, the current Chairman or the Consumer Protection Section of GTLA, a member of the American Association of Justice, the current Georgia Chairperson for the National Association of Consumer Advocates,   an executive board member of the General Practice and Trial Section of the State Bar of Georgia, and the former Alumni Chancellor and a current executive committee member of the Oglethorpe Legal Society.

9.      In 2005, I began teaching as a visiting lecturer in Georgia Practice and Procedure at the Georgia State University College of Law and, in 2007, joined the College of Law as an adjunct professor.

10. I am a frequent lecturer at the National Consumer Rights Litigation Conference held annually by the National Association of Consumer Advocates and the National Consumer Law Center.

11.     Presently, I am an owner of HURT STOLZ, P.C., which is located at 1551 Jennings Mill Road, Suite 3100-B, Watkinsville, Georgia 30677, where my

practice includes both individual and class action litigation in federal and state courts, a large portion of which are the litigation of consumer rights cases.

12.   My firm is a general civil litigation practice, with an emphasis on plaintiff contingent fee cases.  I have successfully concluded by negotiation and litigation numerous consumer rights cases and class actions including many cases arising under the Federal Fair Debt Collection Practices Act [hereinafter "FDCPA"], the Georgia Fair Business Practices Act, the Georgia Debt Adjustment Act and various other consumer protection statutes.

13.   I am experienced in and have an extremely active practice in the area of consumer rights litigation, where I represent debtors in state court collection actions, and bring affirmative claims in federal court under various portions of the Consumer Credit Protection Act.

**<u>DECLARANT'S FAMILIARITY WITH PLAINTIFF'S COUNSEL</u>**

14.   I am personally familiar with Skaar & Feagle, LLP and have associated with attorneys James "Jim" M. Feagle and Kris Skaar on numerous individual cases brought under the Consumer Credit Protection Act or other laws during the last 15 years as well as approximately 20 class actions brought under Georgia's Debt Adjustment Act in both state and federal courts.

15.   I am aware that James M. Feagle has handled thousands of consumer claims and has spoken on consumer law topics at continuing legal education events.

16.   I personally know Mr. Feagle and his firm to be professionally competent with both a focus and expertise in consumer rights litigation topics including causes of action under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act and the Telephone Consumer Protection Act as well as violations of state consumer protection laws.

17.   There is typically one or more Skaar & Feagle, LLP attorneys that attend and participate in Georgia NACA conference meetings that are held quarterly at the State Bar of Georgia.

18.   In my opinion, Mr. Feagle and Mr. Skaar each individually and their firm generally are two of the most experienced attorneys in the state of Georgia with regard to prosecuting consumer claims, which includes the Fair Debt Collection Practice Act claims in this case.

19.   Although this is not a class action, in my opinion, Kris Skaar and James M. Feagle also have significant class action experience and are considered experts in that area.  It is my understanding that they have been appointed lead or co-lead class counsel in over a dozen class actions and have been local class

counsel in many of the largest TCPA class actions brought in Georgia.  This fact contributes to my opinion as to the reasonableness of their hourly rates.

### DECLARANT'S OPINION REGARDING TIME EXPENDED

20.  I have discussed this case with Mr. Feagle as well as having reviewed his firm's billing records billing records and docket activity of the case.

21.  Based upon the information available to me, it is my opinion that the 27.8 hours expended Skaar & Feagle, LLP in this matter and the $1,047.87 in costs they incurred to pursue this matter were reasonable.

22.  After reviewing the firm's billing records it is my opinion that the 1.7 billed by Jim Feagle's role in overseeing the default judgment final revision was reasonable.

23.  After reviewing the firm's billing records, it is my opinion that the 9.0 hours billed by Kris Skaar from the cases inception to the current motion for default judgment, particularly when dealing with getting what appears to be an evasive defendant served with process, was reasonable and necessary in this case.

24.  After reviewing the firm's billing records, it is my opinion that the 17.1 hours billed by Cliff Dorsen to put together the motion for default judgment, was

reasonable and necessary in this case and would seem a reasonable delegation of substantial duty to a lower hourly priced associate.

25.    In my opinion the total amount requested by the Skaar & Feagle, LLP firm of $12,473.87, which included attorney fees of $11,426 and costs of $1,047.87 were not only reasonable, but necessary to prosecute this case.

## DECLARANT'S OPINION REGARDING HOURLY RATES

26.    It is my professional opinion that Mr. Feagle's hourly rate of $535.00 per hour is reasonable for a consumer attorney with his level of skill, approximately 27 years of experience and his excellent reputation in both the Atlanta area and among other national consumer rights advocates and class action attorneys in general.

27.    It is my professional opinion that Mr. Skaar's hourly rate of $570.00 per hour is reasonable for a consumer attorney with his level of skill, approximately 32 years of experience and his excellent reputation in both the Atlanta area and among other national consumer rights advocates and class action attorneys in general.

28.    In my professional opinion, Mr. Dorsen's hourly rate of $315.00 per hour is reasonable for a consumer attorney with his level of skill, approximately with between 4 years of experience in the Atlanta area.   I am aware that Mr.

Dorsen's primary practice area has been in prosecuting consumer claims since his association with Skaar & Feagle in August of 2015.

29.   The rates requested by Messrs. Feagle, Skaar and Dorsen are consistent with the market value for other attorneys with similar experience.

30.   The rates requested by Messrs. Feagle, Skaar and Dorsen are significantly lower than the rates published in the United States Attorney's Office [Laffey] Matrix, which calls for higher rates of $602.00 per hour for attorneys with 31+ years of experience like Mr. Skaar, $563.00 for attorneys with 21-30 years of experience like Mr. Feagle, and $334.00 for attorneys with 3 years of experience like Mr. Dorsen.

31.   In my opinion, the hours billed by each of the three attorneys at Skaar & Feagle, LLP in this case for attorney time to speak with the client, investigate the claim, draft the complaint, and pursue the default judgment were reasonable and would be the types of things all experienced attorneys do.

32.   It has been my experience that fee petitions are rarely needed and that most cases under the FDCPA and other cases under the Consumer Protection Act are settled without a court ruling on fees, so it is difficult to establish a meaningful lodestar award history, but I can state to the court that I am routinely able to resolve FDCPA and other Consumer Protection Act cases by

settlement in which I am able to negotiate or otherwise earn an attorney fee

rate for myself well in excess of $500.00 per hour.

FURTHER DECLARENT SAYETH NAUGHT


_____
James W. Hurt, Jr.


Sworn to and subscribed before me
this 21st day of June, 2018.

settlement in which I am able to negotiate or otherwise earn an attorney fee

rate for myself well in excess of $500.00 per hour.

FURTHER DECLARENT SAYETH NAUGHT

James W. Hurt, Jr.

Sworn to and subscribed before me
this 21st day of June, 2018.