IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY CROSS and                           :
PAMELA CROSS,                               :
    Plaintiffs,                         :
                              :   Civil Action No.
v.                                          :
                              :   1:17-cv-03804-AT-JDF
EQUITYEXPERTS.ORG, LLC d/b/a                :
EQUITY EXPERTS,                             :
    Defendant.                          :
                              :

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

**INTRODUCTION**

Defendant was served with the summons and complaint at both its business office and at its registered office. Defendant did not answer. Default was entered. Plaintiffs brought their motion for entry of default judgment, a hearing was set, notice from the clerk of court was mailed to Defendant's principal place of business and a hearing was held. Following the evidentiary hearing, Magistrate Judge Fuller  recommended the entry of a monetary judgment in favor of Plaintiffs. Only now has Defendant made an appearance to challenge service of process.

Defendant does not contest the factual accuracy of the proofs of service. Defendant does not challenge the fact that service of process was made at two of Defendant's office locations (both its registered office and its business office).

Defendant does not assert that it was unaware of the service of the summons and complaint. Defendant's motion to set aside rests only upon its conclusory assertion that in both instances and at both offices that the personnel to which the summons and complaint were handed were not authorized by law to accept service.

As set forth below, Plaintiffs respectfully show the court that Defendant has not carried its burden. Additionally, upon consideration of the evidence as a whole, service of process is sufficient under Georgia law.

## ARGUMENT & AUTHORITY

I.     SERVICE OF PROCESS - GENERALLY.

The parties agree that service is governed by Rule 4(h)(1)[1] and 4(e)(1)[2] of the Federal Rules of Civil Procedure. Doc. 22, p. 6. However, Defendant's

---

[1]     (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

> (1) in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

[2]     (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

argument does not seem to give full effect to the language of Rule 4(e)(1) that Defendant "may be served . . . by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction **in the state where the district court is located** or where service is made" (bold emphasis added). Defendant only analyzes service under the law of Michigan ("where service is made"), and Defendant completely ignores the law of Georgia ("the state where the district court is located").

Defendant must carry the initial burden of establishing that service was insufficient.

> The burden of establishing that service was insufficient falls on the
> defendant, who must specifically describe the defect under Rule 4. [Cit.] If
> the defendant carries its burden, the plaintiff then must come forward with
> enough evidence to survive a motion for judgment as a matter of law. [Cit.]
> And if the plaintiff presents such evidence, all reasonable inferences are
> drawn in the plaintiff's favor. [Cit.]

*T-12 Entm't, LLC v. Young Kings Enters., Inc.*, 36 F.Supp.3d 1380, 1391-92 (N.D.Ga. 2014). Under Georgia law "[a] defendant who challenges the sufficiency of service bears the burden of showing improper service. [Cit.]" *Holmes &*

---

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

*Company of Orlando v. Carlisle*, 289 Ga.App. 619, 620 (2008). "When a defendant in a lawsuit challenges the sufficiency of service, that defendant bears the burden of showing improper service. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." *Russell v. Muscogee Cnty. Sch. Dist.*, ___ Ga.App. ___, 800 S.E.2d 7, 9 (2017) (quoting *Franchell v. Clark*, 241 Ga.App. 128, 130 (1999)).

## II.    DEFENDANT'S SUPPORTING DECLARATION IS INSUFFICIENT.

Defendants only evidence in support of its motion is the short declaration of its Vice President and General Counsel. Doc. 22-1. Notably, Defendant's declaration accepts as true the fact of service as set forth in the proof of service.

The declaration consists of two introductory paragraphs (¶¶ 1, 2), one paragraph reciting public record information (¶ 3), a paragraph stating that the declarant has reviewed the proofs of service (¶ 4), and two paragraphs (¶¶ 5, 6) which both contain conclusory denials that the individuals who received the summons and complaint where "never authorized to accept service of process." Defendant's declaration does not contain any details to support its assertion of lack of authorization. In the declaration's penultimate paragraph, Defendant admits that Alexis Smith (who received the summons and complaint at the Pontiac Road address) was employed by Defendant, but does not provide any details of her job

responsibilities. In the final paragraph of the declaration, the declarant does not provide any background information to evaluate whether she even knows the two individuals named[3] in that paragraph.  Additionally, while Defendant makes a conclusory assertion that the individuals that accepted service were not "authorized to accept service of process on behalf of Equity Experts," there is not even a conclusory averment that they were not authorized to accept service on behalf of resident agent Michael Novak. See *Holmes & Company of Orlando v. Carlisle*, 289 Ga.App. 619, 622 (2008) (upholding service on individual authorized to accept service on behalf of registered agent. "Here, the [registered] agent did not state that [party served] was not authorized to accept service on her behalf, only that the supervisor was not authorized to accept service on the company's behalf."); see Fantich Declaration, ¶ 52 ("Ms. Williams said that Mr. Novak was not present, but that she was authorized to accept anything on his behalf.").

As a general rule, Courts in the Eleventh Circuit regard conclusory declarations as insufficient to create questions of fact. *See Sloss Industries Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir., 2007) ("lack of detail is, in our view, fatal to [defendant's] Rule 60(b)(1) motion"); *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 717 n.3 (11th Cir. 2011) (conclusory affidavit "not dispositive"); *Vlahos v.*

---

[3]    "Danielle Williams" was the person in charge of Defendant's registered office. Fantich Declaration, ¶ 47. "Candice Jones" was the false name given by "Alexis Smith" to the process server when she accepted the summons and complaint. Fantich Declaration, ¶¶ 34-39.

*Frederick J. Hanna & Associates, P.C.*, 430 F.Supp.2d 1375, 1376-77 (N.D. Ga., 2006) (finding valid service in the face of defendant's similar conclusory "affidavit stating that [individual served] is not an officer, director, or shareholder of [defendant], is not the registered agent for service of process on [Defendant], and has not been authorized to receive process on behalf of either [Defendant].").  Plaintiffs are entitled to prevail on this motion based solely on the lack of detail and the conclusory nature of Defendant's declaration. Defendant's declaration is not sufficient to carry the Defendant's initial burden on this motion.  But even if it had been, service was valid on these facts under Georgia law.

III.    SERVICE AT THE PONTIAC ROAD OFFICE.

Even though the defense has provided only a conclusory declaration, Plaintiffs have put forward detailed evidence of the service of process. See Fantich Declaration. Even though Plaintiffs' process server was initially rebuffed at the Pontiac Road office, Fantich Declaration, ¶¶ 10-26, the process server persisted and successfully served Alexis Smith.[4] Fantich Declaration, ¶¶ 27-39.

Defendant's declaration characterizes Alexis Smith as "formerly employed as a marketing assistant for [Defendant.]" Defendant does not provide any dates for

---

[4]     Ms. Smith gave a false name of "Candice Jones" to the process server. Fantich Declaration, ¶¶ 34-39. This is why there are two names associated with service at this location. Doc. 7, p. 2.

times of her service or any job descriptions. Defendant does not provide any details

from which the Court could reach its own conclusion whether Ms. Smith was

employed at the time of service or a proper person to receive process. Defendant

does not deny that Ms. Smith made Defendant aware of the service of the

summons and complaint. At no point does Defendant claim to be unaware of the

service of process.

Defendant's declaration is vague. It is not clear if Ms. Smith is no longer

employed or if she is currently employed in some other capacity. Contrary to the

Defendant's characterization of Ms. Smith as a mere "assistant" without any more

explanation, Ms. Smith's position with Equity Experts appears to be "Marketing

Administrator & Executive Assistant at Equity Experts." Fantich declaration, exh.

B.


IV.    SERVICE AT THE REGISTERED OFFICE.

A.    Location of the Registered Office and Resident Agent.

At all times relevant to this matter, Defendant affirmatively represented to

the public through the Michigan Department of Licensing and Regulatory Affairs

that the address of Defendant's registered office was: "2000 Town Center, Suite

1900, # 1120, Southfield, Michigan 48075." See Michigan annual statement for

2017, attached. This is the only address given for both the registered office and for

purposes of mail and other delivery. Defendant's Declaration of its Vice President

and General Counsel acknowledges this address. Doc. 22-1, ¶ 3. Unfortunately,

this conclusory and incomplete declaration does not provide the complete

information for the court to evaluate the facts of this case.

When service was first attempted on October 18, 2017, the Deputy

attempting service noted that "This is a virtual office[.] Def[endant] do[es]n't come

[here] regularly[.] Left Card[.]" Doc. 4-1, p. 2 (handwriting at bottom of yellow

form). The following day, October 19, 2017, the Deputy returned the summons

unexecuted and gave the explanation that "No one in the office[.] It is a virtual

office." Doc. 4-1, p. 1. This is consistent with the general nature of "virtual

offices."[5] Fantich Declaration, ¶¶ 40-46.


B.      Service of process at the Registered Office.

Plaintiffs served the Defendant at its registered office. Doc. 7, p. 2. The

person that accepted service was Danielle Williams who was the the person in charge

---

[5]      Arguably, Defendant is attempting to mislead the court when Defendant's Declaration
states that at the relevant time "Equity Experts' <u>resident agent was Michael Novak **located**</u> at its
registered office, 2000 Town Center, Suite 1900, #1120, Southfield, Michigan 48075." Doc. 22-
1, ¶ 3 (underlining and bold emphasis added). The only alternative to the conclusion that the
Defendant is attempting to mislead the court is, to paraphrase the late Douglas Adams, to
conclude that "this is obviously some strange usage of the word ['located'] that I wasn't
previously aware of." Douglas Adams, The Hitchhiker's Guide to the Galax, chapter 5 (1979).
The truth is that the identified resident agent is not in any meaningful sense ever "located" at the
"virtual office" that it had identified as its registered office. Interestingly, Defendant has now
changed its registered office to the Pontiac Road office. Doc. 22-1, ¶ 3.

of the Defendant's registered office. Fantich Declaration, ¶ 47. Ms. Williams knowingly accepted the summons and complaint. Fantich Declaration, ¶¶ 50-54. Ms. Williams verbally affirmed that she was authorized to accept service. Fantich Declaration, ¶¶ 52, 55.

It is not disputed that the location where service took place was Defendant's registered office. Doc. 22-1, ¶ 3. That location was the only publicly filed address for Defendant. See Michigan annual statement for 2017, attached. The evidence is clear that the individual served was the person in charge of that office and authorized to accept service on behalf of the Defendant and the resident agent. Fantich Declaration, ¶¶ 47, 55.

Defendant's conclusory declaration to the contrary, doc. 22-1, ¶ 6, is insufficient to overcome the detailed evidence provided by Plaintiffs. Fantich Declaration, ¶¶ 47-55. It is especially telling that Defendant's declarant makes the same conclusory allegations of Ms. Williams as she does of "Candice Jones" - the false name given by Alexis Smith. Fantich Declaration, ¶¶ 34-37. Defendant's declarant does not seem to know that "Ms. Jones" was a false name used by Alexis Smith. Likewise, it does not seem that Defendant's declarant has any knowledge of Ms. Williams, either.

V.    Sufficiency of service.

Defendant has not carried its burden of proof. *T-12 Entm't, supra*; *Holmes & Company of Orlando, supra*. Defendant has only offered a conclusory declaration that is insufficient to support its motion. Its declaration falls short of the required standard of "evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." *Russell.*, 800 S.E.2d at 9.

In addition to Defendant's failure to carry its burden, the established facts show that service was sufficient under Georgia law. In the case of *Murray v. Sloan Paper Co.*, 212 Ga.App. 648 (1994), the Georgia Court of Appeals reversed the grant of a motion to dismiss for insufficient service. The facts of *Murray* are very similar to the present case. In *Murray*, service was made on an "administrative assistant," and like the present Defendant, the defendant in *Murray* asserted that the person receiving service was not authorized.

> It has been shown only that Ms. Kenney [i.e., the individual that was served] occupied the position of administrative assistant and that she was neither an officer of the corporation nor its registered agent for service of process. Nothing in the record indicates that her actual duties did not entail managerial or supervisory responsibilities; her title, the representation she made, and the actions she took speak to the contrary. The burden was on defendant to show that she did not

have such responsibility. [Cit.] The evidence was not met. As in

*Northwestern Nat. Ins. Co. v. Kennesaw Transp*., 168 Ga.App. 701,

703, 309 S.E.2d 917 (1983), "she was the person who spoke to the

process server[ ] and was aware that [Vansant] was not available for

service, further, [it could be] found from the officer['s] affidavit[ ] that

[Kenney] led the officer[ ] to believe she was in charge of the office

and was authorized to accept service for [defendant corporation]."

*Id.* at 649-50 (underlined emphasis added); *see also, Russell v. Muscogee Cnty.*

*Sch. Dist.*, ___ Ga.App. ___, 800 S.E.2d 7, 10 (2017) (recently citing *Murray* with

approval). Unlike the present case, in *Murray*, the defense presented a fairly

detailed affidavit from the administrative assistant herself, but the Court reversed

the trial court's grant of dismissal looking primarily to "her title, the representation

she made, and the actions she took[.]" 212 Ga.App. at 649.

   *Murray* compares favorably to the present case. Ms. Smith's self-claimed

title is "Marketing Administrator and Executive Assistant," and she not only had

direct access and was in close proximity to the defendant officers, but also took the

action of knowingly receiving the summons and complaint, Fantich Declaration,

¶¶29-33, exh. B. Ms. Williams' position in charge of the registered office, her

explicit representations of authority and her actions in knowingly accepting the

summons and complaint, also favorably align with the holding in *Murray*. Fantich

Declaration, ¶¶ 47-55.

Similar to the holding in *Murray*, in *Nesmith v. Landmark Dodge, Inc.,*

*Nesmith v. Landmark Dodge, Inc.*, 302 Ga.App. 315 (2010), the Georgia Court of

Appeals also reversed the grant of a motion to dismiss on insufficiency of service.

> When a defendant in a lawsuit challenges the sufficiency of service,
>
> he bears the burden of showing improper service. The return can only
>
> be set aside upon evidence which is not only clear and convincing, but
>
> the strongest of which the nature of the case will admit. The defendant
>
> is apprised by the return of what he must contest.

Id. at 316 (quotation marks and citations omitted). Again, in *Nesmith*, the Court

found that service of process on an "administrative assistant" was sufficient against

the defendant's challenge.

Defendant has only raised a single argument, to wit: that the individuals

were not authorized to accept service. The Eleventh Circuit has noted that "[t]he

Georgia cases do not create a high threshold for the amount of authority necessary

to make an employee a valid agent to receive process." *Henderson v. Cherry,*

*Bekaert & Holland*, 932 F.2d 1410, 1412 (11th Cir., 1991). In the first instance,

Defendant has simply not carried its burden. Further, considering the evidence as a

whole, both acts of service are separately sufficient.

## CONCLUSION

Plaintiffs respectfully show that Defendant has not made any argument whatsoever that service was insufficient under Georgia law.

Plaintiffs also respectfully show that Defendant has not carried its initial burden to show by the strongest evidence that service was insufficient.

Finally, Plaintiffs respectfully show that, taken as a whole, the evidence shows that service of process was properly made in this matter.

Wherefore, for all the above reasons stated above, Defendant's motion to set aside default should be DENIED.

Respectfully submitted,

**SKAAR &FEAGLE, LLP**

by:   /s/ Kris Skaar
      Kris Skaar
      Georgia Bar No. 649610
      krisskaar@aol.com
      Justin T. Holcombe
      Georgia Bar No. 552100
      jholcombe@skaarandfeagle.com
      133 Mirramont Lake Drive
      Woodstock, GA 30189
      770 / 427-5600
      404 / 601-1855

SIGNATURES CONTINUE ON FOLLOWING PAGE

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax


ATTORNEYS FOR PLAINTIFFS