**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JEFFREY CROSS, and | ) | |
| PAMELA CROSS | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:17-cv-03804-AT-JCF |
| v. | ) | |
| | ) | |
| EQUITYEXPERTS.ORG, LLC, | ) | |
| d/b/a EQUITY EXPERTS | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTION TO REPORT AND RECOMMENDATION

COMES NOW Defendant EquityExperts.org, LLC d/b/a Equity Experts ("Equity Experts") and files and serves this Objection to Report and Recommendation.  Equity Experts respectfully objects to the Report and Recommendation ("R&R") entered on April 17, 2019 [Dkt. No. 33] regarding Equity Expert's Motion to Set Aside Clerk's Entry of Default [Dkt. No. 22] for the following reasons:

### I.        Objections and Citation of Authorities.

### A. The R&R Erroneously Considers Mr. Fantich's Unsigned Declaration.

Jason Fantich is a process server.  In Response to Equity Experts' Motion to Set Aside, Plaintiffs filed an unsigned Declaration of Mr. Fantich that purports to

set forth details of his efforts to serve Equity Experts with process.  [*See* Dkt. No. 25-2].  The Declaration contains a "/s/" signature block similar to that used by attorneys filing documents with the Court through the ECF system.  [*See id.* at p. 6].  However, a "/s/" signature on a declaration is not authorized by 28 U.S.C. § 1746.  Further, the Local Rules of this Court are explicit that documents executed by non-attorneys cannot be filed with electronic signatures.  Such documents are required to be signed, scanned, and filed in order to ensure their authenticity.

In its Reply, Equity Experts argued that Mr. Fantich's unsigned Declaration should be stricken for failure to comply with 28 U.S.C. § 1746 and because Mr. Fantich is not an attorney with an ECF password permitted to use an "/s/" electronic signature.  [*See* Dkt. No. 26, p. 5, n. 3].  Plaintiffs appear to have recognized the invalidity of Mr. Fantich's unsigned Declaration by filing a Sur-Reply that included a scanned, hand signed version of Mr. Fantich's Declaration.  [*See* Dkt. No. 28-2].  Plaintiffs take the position that late filing Mr. Fantich's hand signed Declaration is good enough to resolve "any dispute."  [*See* Dkt. No. 28-1, p. 9].  For the reasons discussed more fully herein, Plaintiffs are incorrect.

The R&R repeatedly cites to the unsigned "/s/" version of Mr. Fantich's Declaration for the "facts" stated therein.  [*See generally* Dkt. No. 33].  The R&R's citation to the unsigned version of the Declaration appears to recognize that the

hand signed version of the Declaration filed with the Sur-Reply cannot be considered because it was late filed.  However, the R&R incorrectly concludes that the unsigned version of the Declaration can be considered at all.  The statute governing unsworn declarations, 28 U.S.C. § 1746, requires that any declaration be: (i) "in [a] writing of such person which is **subscribed by him**"; and (ii) be in a form that requires a "**Signature**".  28 U.S.C. § 1746 (emphasis).  The use of the word "subscribe" coupled with the use of the word "signature" in 28 U.S.C. § 1746 is significant.  Black's Law Dictionary defines "subscription" or "subscribe" as "**[t]he act of signing one's name on a document**; the signature so affixed." Black's Law Dictionary (10th ed. 2014).  A "signature" is "[a] person's name or mark **written by that person[.]**"  *Id.* (emphasis provided).  The plain meaning of 28 U.S.C. § 1746 – a statute enacted in 1976 before the proliferation of electronically transmitted or filed documents – is that an unsworn declaration must contain a signature written by the hand of the maker.  The "/s/" Declaration of Mr. Fantich filed by Plaintiffs with their Response does not meet this standard.

Further, United States Code explicitly contemplates that an "electronic signature" is different from a traditional hand written "signature."  For example, 15 U.S.C. § 7001, *et seq.*, enforces the validity of electronic signatures in transactions affecting interstate or foreign commerce "[n]ot withstanding any statute,

regulation, or other rule of law" that might mandate otherwise.  15 U.S.C. § 7001(a).  "Electronic signatures" are defined as "an electronic sound, symbol, or process, attached to or logically associated with a contract or other record and executed or adopted by a person with the intent to sign the record."  15 U.S.C. 7006(4).  Black's Law Dictionary contains a nearly identical definition of "electronic signature".  *See* Black's Law Dictionary (10th ed. 2014) ("An electronic symbol, sound, or process that is either attached to or logically associated with a document (such as a contract or other record) and executed or adopted by a person with the intent to sign the document.  Types of electronic signatures include a typed name at the end of an email, a digital image of a handwritten signature, and the click of an 'I accept' button on an e-commerce site.").  Despite the authorization of "electronic signatures" elsewhere in the United States Code, 28 U.S.C. § 1746 has not been amended to permit "electronic signatures" on unsworn declarations.  The fact that 28 U.S.C. § 1746 has not been amended to permit electronic signatures is significant and underscores that its plain meaning is that unsworn declarations must be hand signed.  For these reasons, the R&R erroneously considers Mr. Fantich's unsigned "/s/" Declaration as evidence.

This Court also recognizes the difference between "electronic signatures" and traditional hand written "signatures" in its Local Rules.  Appendix H to the

Local Rules permits attorneys to use their typed name as a signature (electronic signature) when used in conjunction with their ECF login credentials authenticating the filing. [*See* Appendix H, § II.C.1]. However, non-attorneys are not accorded the privilege of using a typed signature. The Local Rules explicitly require that when "the original document requires the signature of a non-attorney" (like Mr. Fantich's Declaration) "the filing party or the Clerk's office **shall scan the original document and then electronically file it on ECF.**" [*See* Appendix H, § II.C.3 (emphasis provided)]. Plaintiffs failed to comply with the requirement that Mr. Fantich's Declaration be hand signed, scanned, and filed. This failure is critical, as there is absolutely no indication from the unsigned "/s/" version that Mr. Fantich approved of (or even read) the Declaration before it was filed. For these additional reasons, the R&R erroneously considers Mr. Fantich's "/s/" Declaration as evidence.

There are no reported decisions of this Court (or the Eleventh Circuit) holding that a declaration containing a "/s/" signature is valid under 28 U.S.C. § 1746. The R&R incorrectly concludes that the "/s/" Declaration can be considered because "[t]his Court has held that electronic signatures including the phrase 'under penalty of perjury' are sufficient under 28 U.S.C. § 1746." [Dkt. No. 33, p. 23]. In support of this conclusion, the R&R cites two unreported decisions from

this Court, but ignores another unreported decision authored by Judge Shoob

holding that a declaration cannot be electronically signed. The R&R does not

examine the details of the two unreported decisions that it cites or why these cases

are distinguishable from the facts at issue in this case or wrongly decided.

   The first unreported decision cited in the R&R is *Tishcon Corp. v.*

*Soundview Commc'ns, Inc.*, 1:04-CV-00524-JEC, 2005 WL 6038743 (N.D. Ga.

Feb. 15, 2005). In *Tishcon*, the declarations in question were "signed" with a "/s/"

signature by Peter D. Aufrichtig. [*See* 1:04-CV-00524-JEC, Dkt. No. 77-4]. Mr.

Aufrichtig is a New York attorney who had been admitted to appear *pro hac vice*.

[*See* 1:04-CV-00524-JEC, Dkt. No. 16]. There is no challenge to Mr. Aufrichtig's

use of an electronic signature discussed in the *Tishcon* case. Rather, Mr.

Aufrichtig's declarations were challenged based on the omission of the language

"true and correct" required by 28 U.S.C. § 1746 and whether or not he had

personal knowledge of the facts in the declarations. The *Tishcon* opinion does not

analyze whether electronic signatures are acceptable under 28 U.S.C. § 1746.

Further, the *Tishcon* case is distinguishable because unlike Mr. Fantich, Mr.

Aufrichtig is an attorney who was practicing before this Court.

   The second unreported decision, *Consumer Fin. Prot. Bureau v. Universal*

*Debt & Payment Sols., LLC*, 1:15-CV-0859-RWS, 2019 WL 1295004 (N.D. Ga.

Mar. 21, 2019), is a recent case decided after briefing concluded in this matter. *Universal Debt* recognizes, but does not analyze, a split of authority as to whether an electronically signed declaration can be accepted by the Court under 28 U.S.C. § 1746. However, the Court declined to strike an electronically signed declaration because there was no "binding precedent obligating the Court to disregard" it. *Universal Debt*, at *11. In *Universal Debt,* the Court cited the distinguishable *Tishcon* case, as well as *Lipscomb v. Llanas*, No. 2:11-CV-00078-RWS, 2013 WL 5312552 (N.D. Ga. Sept. 20, 2013) and *Hale v. Emporia State Univ.*, 5:16-4182-DDC-TJJ, 2018 WL 5884543 (D. Kan. Nov. 9, 2018) for the proposition that an electronically signed declaration could be acceptable. *Universal Debt* is not binding authority in this case and its conclusion should not be adopted because the authorities on which it relies do not directly address the signature requirement of 28 U.S.C. § 1746 or actually consider a challenge made to an electronic signature on a declaration.

In fact, the *Lipscomb* case does not discuss the use of electronic signatures on declarations at all. The declaration at issue in that case was challenged as being late filed and not properly attested for not following the language of 28 U.S.C. § 1746 verbatim. *See Lipscomb*, at *4. Notably, the declaration at issue in *Lipscomb* was signed by the hand of the declarant and then scanned and filed in accordance

- 7 -

with the Local Rules.  [*See* 2:11-CV-00078-RWS, Dkt. No. 141].  The *Lipscomb* case is distinguishable and does not address the core issue in this case – whether an electronic signature is valid on a declaration.

The *Hale* case from Kansas contains a perfunctory discussion of 28 U.S.C. § 1746 made in the context of a discussion about defendants not appropriately responding to a motion for summary judgment.  There does not appear to be any challenge made to the use of electronic signatures on declarations in the *Hale* case and this issue is not discussed in any detail.  *See Hale*, at *2.  Further, the declaration at issue in the *Hale* case was from a pro se plaintiff who had electronically filed the document using a process authorized in the District of Kansas.  [*See* D. Kan. 5:16-4182-DDC-TJJ, Dkt. No. 46-2].  The *Hale* court simply did not consider whether a non-attorney declarant could file an electronically signed declaration under 28 U.S.C. § 1746 or the Local Rules of the Northern District of Georgia.

On the other hand, there is significant authority that electronic signatures on declarations are not valid, including from this Court.  In *Bruss v. King & Brim Ins., Inc.*, No. 1:11-CV-2632-MHS, 2012 WL 13012610 (N.D. Ga. Apr. 26, 2012), Judge Shoob recognized that an un-notarized "affidavit" filed by a *pro se* Plaintiff containing a "/s" signature could not be considered as "competent summary

judgment evidence" pursuant to 28 U.S.C. § 1746 because **"[i]t is not even**

**actually signed[.]"** *Bruss*, at *3 (emphasis provided).  Other Courts have reached

similar results in cases addressing the specific issue of whether an electronic

signature is valid under 28 U.S.C. § 1746.  *See Weems v. City of Columbus, Ohio*,

2:05-CV-87, 2006 WL 2640636, at *4 (S.D. Ohio Sept. 13, 2006) ("She has also

submitted an affidavit which bears only typed electronic signature. Although the

affidavit states that plaintiff was 'duly sworn upon oath,' it is not notarized.  It is

not dated or signed with a written signature, and does not indicate that the

statements are 'true under penalty of perjury.' Therefore, it does not qualify as an

unsworn declaration."); *Ellington v. Alameida*, 2:04-CV-00666-RSL, 2010 WL

2650632, at *8 (E.D. Cal. July 1, 2010), report and recommendation adopted, 2010

WL 11526778 (E.D. Cal. Aug. 26, 2010), aff'd sub nom. *Ellington v. Runnels*, 479

F. App'x 762 (9th Cir. 2012) ("Given the importance of the evidence from [the

declarants], the fact that these two prisoners' declarations contain only typed

signatures is fatal to plaintiff's case, because the declarations have no evidentiary

value.  *See* 28 U.S.C. § 1746[.]"); *see also Lambert v. Lowe's Home Centers, LLC*,

1:14-CV-00107-JHM, 2016 WL 6123239 (W.D. Ky. Oct. 19, 2016) (excluding

electronically signed declaration of non-attorney declarant not authorized to

electronically file documents).  For these reasons, the R&R erroneously concludes that Mr. Fantich's unsigned declaration can be considered as evidence.

The issue of the validity of Mr. Fantich's unsigned Declaration is important because L.R. 7.1(B) requires "[a]ny party opposing a motion" to "serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion[.]"  Plaintiffs' Response to Plaintiff's Motion to Set Aside is predicated on Mr. Fantich's unsigned Declaration.  The conclusions of the R&R are also completely predicated on purported "facts" set forth in Mr. Fantich's unsigned declaration.  If the R&R had failed to consider Mr. Fantich's Declaration because it was unsigned, the only evidence before the Court would have been Jacqueline Galofaro's Declaration [Dkt. No. 22-1] which provided uncontroverted evidence that Danielle Williams could not accept process.

Further, the R&R errs by concluding that once Plaintiffs late filed the signed version of Mr. Fantich's Declaration with their Sur-Reply that Equity Experts could not raise evidentiary objections to the Declaration in its Response to Sur-Reply.  [Dkt. No. 33, p. 24-25, n. 9].  But the response to Sur-Reply was the first opportunity that Equity Experts had to respond to or raise objections to Mr. Fantich's signed Declaration.  The unsigned version of Mr. Fantich's Declaration

was invalid and a nullity that should not have been considered at all for all of the reasons set forth above.  If the signed version of the Declaration is considered, then so should Equity Experts' evidentiary objections.  For all of these reasons, the Court should decline to adopt the R&R.

**B. The R&R Erroneously Failed to Address Equity Experts' Request for Limited Deposition Discovery.**

The R&R states that Equity Experts did not controvert Mr. Fantich's statements related to what Danielle Williams told him.  [Dkt. No. 33, p. 14].  The R&R also states that Mr. Galofaro's Declarations "provide little in the way of factual information about Williams[.]"  [*Id*.].  The suggestion made by the R&R is that Equity Experts had an obligation to present evidence about Mr. Fantich and Ms. Williams despite the fact that Ms. Galofaro's Declarations make it clear that Equity Experts did not have knowledge about these individuals.  This is precisely why Equity Experts asked for leave to depose Mr. Fantich and the individuals purportedly served with process in its Reply [Dkt. No. 26, p. 10][1] and Response to

---

[1] "In the event that the Court cannot conclude at this time that Plaintiffs have not properly served Equity Experts with process, Equity Experts moves that the Court permit limited and expedited deposition discovery of Mr. Fantich, Candice Randolph, Alexis Smith, and Danielle Williams for the purpose of examining the circumstances of the service attempts described in Mr. Fantich's [declaration]."

Sur-Reply [Dkt. No. 31, p. 13[2]].  Equity Experts' request to take this reasonable and limited discovery was completely ignored in the R&R.

"A trial judge has broad discretion to control the course of discovery[.]" *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1984).  The Eleventh Circuit has indicated that jurisdictional discovery is highly favored and not entirely discretionary when jurisdictional facts are in dispute.  *See Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 729-730 (11th Cir. 1982).  If Mr. Fantich's unsigned declaration is accepted as evidence (it should not be), Plaintiff has put jurisdictional facts at issue that Equity Experts should be permitted to test through the limited deposition discovery that it requested.  *See Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014) ("Where a plaintiff's service of process is insufficient, a court may have good cause to set aside an entry of default because the court lacked personal jurisdiction over the defendant and, as a result, had no power to render judgment against it.").  The need for discovery is only emphasized by the fact that a separate Report and Recommendation has been issued proposing that a substantial default judgment be entered against Equity Experts.

---

[2] "Equity Experts respectfully reiterates its request to conduct limited discovery related to Mr. Fantich's service attempts, especially in light of the flimsy nature of Mr. Fantich's declaration and the circumstances pursuant to which the declaration has been filed."

The R&R erred by failing to address or grant Equity Experts' request for limited deposition discovery of Mr. Fantich and the individuals alleged to have received process.  The Court should decline to adopt the R&R, and if it is not inclined to grant Equity Experts' Motion to Set Aside based on the current record, the Court should exercise its discretion to grant the limited deposition discovery requested by Equity Experts prior to entering a final order on the Motion to Set Aside.

### C. The R&R Erroneously Concludes that Plaintiffs Properly Served Equity Experts Through Danielle Williams.

The R&R concludes that Plaintiffs validly served Equity Experts by serving Danielle Williams pursuant to Georgia law.  As is discussed above, that conclusion is erroneous because reaching it requires consideration of the invalid unsigned Declaration of Mr. Fantich.

As is discussed in Equity Experts' Response to Sur-Reply [Dkt. No. 31] and acknowledged in the R&R, the only provision of Georgia law that could apply to Plaintiffs' service attempts is O.C.G.A. § 9-11-4(e)(7) which permits service "[i]n all other cases to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service

- 13 -

of process."  Because Mr. Fantich's Declaration is invalid, there is no evidence

before the Court that Mr. Fantich validly served process pursuant to O.C.G.A. § 9-

11-4(e)(7) by serving "an agent authorized by appointment or by law to receive

service of process."  The only proper evidence before the Court is Ms. Galofaro's

Declaration, which is explicit that Ms. Williams did not have authority to accept

process.  For these reasons, the Court should decline to adopt the R&R.

## II.      Conclusion.

For all of the foregoing reasons, the Court should decline to adopt the R&R.

Equity Experts respectfully requests that the R&R not be entered as the final

judgment of the Court.  Equity Experts further respectfully requests that the Court

grant its Motion to Set Aside Clerks Entry of Default, or to grant Equity Experts

limited deposition discovery of Mr. Fantich and the purported service recipients

related to the circumstances of the alleged service attempts prior to entering a final

order.

Respectfully submitted this the 1st day of May, 2019.

WBD (US) 46439993v1

WOMBLE BOND DICKINSON (US) LLP

/s/ Arthur A. Ebbs
Arthur A. Ebbs
State Bar No. 416181
Brittany Crosby
State Bar No. 692075

271 17th Street NW
Suite 2400
Atlanta, Georgia 30363
Telephone:  (404) 872-7000
Facsimile:   404) 888-7490
Email:        Arthur.Ebbs@wbd-us.com
               Brittany.Crosby@wbd-us.com

*Attorneys for Defendant EquityExperts.Org, LLC*

The undersigned certifies that this document has been prepared in Times

New Roman 14 point font as is approved by L.R. 5.1B.

/s/ Arthur A. Ebbs
Arthur A. Ebbs
State Bar No. 416181

- 15 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing OBJECTION TO REPORT AND RECOMMENDATION was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

James M. Feagle
jfeagle@skaarandfeagle.com

Cliff R. Dorsen
cdorsen@skaarandfeagle.com

Kris Skaar
krisskaar@aol.com

Justin T. Holcombe
jholcombe@skaarandfeagle.com

This 1st day of May, 2019.

/s/ Arthur A. Ebbs
Arthur A. Ebbs
State Bar No. 416181