IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY CROSS and<br>PAMELA CROSS,<br><br>   Plaintiffs,<br><br>v.<br><br>EQUITYEXPERTS.ORG, LLC d/b/a<br>EQUITY EXPERTS,<br><br>   Defendant. | Civil Action No.<br><br>1:17-cv-03804-AT |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUPPLEMENTAL AWARD OF ATTORNEY FEES**

**INTRODUCTION**

This Court ruled in favor of Plaintiffs for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and related supplemental state law claims. The Court entered a final Order (Doc. 42) on September 14, 2019 granting the relief requested by Plaintiffs and making an award of significant damages and also an award of $11,426.00 in attorney fees and $1,047.87 in costs.

The original fee award was based on fees accumulated through the time of the default damage hearing of August 23, 2018. Since that time, there has been significant litigation activity which finally resulted in this Court's judgment (Doc.

–1–

43) of September 14, 2019. The present motion requests that the Court make a supplemental award of attorney's fees for this additional required effort.

## RELEVENT PROCEDURAL HISTORY OF THE CASE

On August 23, 2018, this matter came before the Honorable J. Clay Fuller for trial on the issue of default and damages. (Doc. 13, 14). Shortly thereafter, Judge Fuller issued his Final Report and Recommendation (Doc. 18). On September 12, 2019, this Court adopted those portions of the Report and Recommendation awarding a substantial sum as damages and attorney fees of $11,426.00 and costs of $1,047.87. (Doc. 42).

At the time of the hearing, the Clerk had entered default, and Defendant had made no appearance in this matter. Defendant had been served, and Judge Fuller had previously entered an order giving notice of the then upcoming hearing and directing the parties to appear at the hearing of August 23, 2018. (Doc. 13). Judge Fuller received evidence at the hearing that included attorney fees incurred through the date of trial.[1]

---

[1]  Since at least the late-1990's, my office policy with regard to taking default judgments in federal court on claims involving fee shifting statutes (such as the FDCPA, 15 U.S.C. section 1692k(a)(3)) has been to request that fees be determined at the default hearing and thus avoid the necessity of a post-judgment motion under Fed.R.Civ.P. 54(d). Usually, the fees incurred through the time of the

While usually no significant litigation effort would follow the default hearing, in the present case, Defendant decided to appear for the first time after the entry of the Final Report and Recommendation which recommended the award of significant damages. Defendant filed Objections (Doc. 21) to the Final Report and Recommendation (Doc. 18) and filed a Motion (Doc. 22) challenging service of process. Defendant vigorously contested the Final Report and Recommend and service of process. Plaintiffs responded (Doc. 24) to Defendant's Objection to the Final Report and Recommendation and opposed Defendant's service motion with briefs and supporting affidavits (Doc. 25, 28, 30).

Judge Fuller entered a Report and Recommendation (Doc. 33) recommending the denial of Defendant's service motion (Doc. 22). Defendant objected[2] to this Report and Recommendation. (Doc. 35). Plaintiffs responded to this objection. (Doc. 37). On September 14, 2019, this Court adopted the Final Report and Recommendation as to its finding of liability and its award of

---

default hearing represent the lion's share of the attorneys' effort in the case, and there is no need to file a post-judgment motion. That is not so in the present case.

[2] Shortly after filing an Objection (Doc. 35) to the Report and Recommendation (Doc. 33) on the service motion, Defendant's counsel sought leave to withdraw from representation (Doc. 36) which was subsequently granted (Doc. 38). New counsel has now appeared for Defendant. (Doc. 40).

significant damages and of $11,426.00 in attorney fees and $1,047.87 in costs. (Doc. 42).

As a result of Defendant's unsuccessful challenges to the Final Report and Recommendation, there has been significant litigation effort to enforce liability in this consumer law matter after the default and damage hearing of August 23, 2018. Plaintiffs bring this present motion seeking an award of those fees for efforts that took place after the default and damage hearing.

## DETERMINATION OF AMOUNT OF FEES

I.  <u>Statutory basis for award of fees</u>.

There were and are at least three separate grounds for awarding attorney fees in this case. First, the Fair Debt Collection Practices Act provides that "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Additionally, under state law the Georgia Fair Business Practices Act provides that "the person injured by such violation [of the GaFBPA] shall, in addition to other relief provided for in this Code section and irrespective of the amount in controversy, be awarded reasonable attorneys' fees and expenses of litigation incurred in connection with said action[.]" O.C.G.A. § 10-1-399(d).

Finally, Georgia law also allows the recovery attorney fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense[.]" O.C.G.A. § 13-6-11. The Court has already made an award of fees and costs that occurred through the August 23 default damage hearing. Therefore, the Court should award a supplemental amount which the Court finds to be a reasonable lodestar amount for the fees that occurred after the default damage hearing for the necessary defense of the post hearing motions brought by Defendant. There were no additional costs incurred since the original award, so no supplemental costs are being requested by Plaintiffs.

II.     Determination of amount of fees - generally.

The Eleventh Circuit held that a prevailing consumer's attorney fee award "is properly calculated by multiplying the number of hours reasonable expended on the litigation times a reasonable hourly rate." *Hollis v Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993) (FDCPA case). This product of multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate is referred to as the lodestar. The U.S. Supreme Court has reaffirmed that "there is a strong presumption that the lodestar is sufficient[.]" *Perdue v Kenny A.*, 559 U.S. 542, 130 S. Ct. 1662, 1669 (2010).

III.    <u>Reasonable hourly rate</u>.

The Final Report and Recommendation recommended the award of fees at the hourly rates of $570 for attorney Kris Skaar, $535 for James M. Feagle, and $315.00 for Cliff Dorsen. (Doc. 18, pp. 26-28). The award based on these hourly rates were adopted by this Court (Doc. 42) and made part of its final judgment (Doc. 43).

Plaintiffs are not asking for any increase in any of the previously approved and ordered rates for their three attorneys, so their previously determined reasonable rates remain constant. Attorneys James Feagle and Kris Skaar are experienced consumer rights litigators who have practiced law for approximately 28 and 33 years, respectively, and each of them has appeared in over 900 civil actions filed in the Northern District of Georgia alone. Skaar Declaration, ¶ 14. Attorneys James Feagle and Kris Skaar seek to be compensated at the same previously requested and subsequently ordered hourly rates of $535.00 and $570.00 respectively. Attorney Cliff R. Dorsen has practiced law for over 4 years, and Plaintiffs also seeks for him to be compensated at the previously requested and subsequently ordered hourly rate of $315.00.

All Plaintiffs' counsel have practiced extensively in this area of consumer rights litigation, Skaar Declaration, ¶¶ 11, 21-23; Counsel Skaar and Feagle are veterans of thousands of consumer rights cases.  Skaar Declaration, ¶ 23.  Skaar and Feagle are recognized as authorities in the field of consumer financial service and teach continuing legal education on the subject.  Skaar Declaration, ¶¶ 28; *See also* Hurt Affidavit, ¶¶ 14-15.

In addition to the declaration of Plaintiffs' counsel, the requested hourly rates for this supplemental fee award are also supported by the opinion testimony of attorney James W. Hurt, Jr. see *Duckworth v. Whisenant*, 97 F. 3d 1393, 1396 (11th Cir. 1996) (admissibility of opinion evidence of reasonable rates). He previously submitted a Declaration attesting to the reasonableness of our fees and is submitting a new declaration to attest to the reasonableness of this supplemental fee request.  All of Plaintiffs' counsel enjoy a good reputation generally and a leadership reputation within the consumer financial service practice area.  Hurt Affidavit, ¶¶ 18-20.  Georgia attorney Hurt states in his affidavit that "in my opinion, Mr. Feagle and Mr. Skaar may each be two of the most experienced attorneys in the state with regard to prosecuting FDCPA and FCRA claims." Hurt Affidavit, ¶ 20.  Attorney Hurt opines that the requested rates for Messrs. Skaar

($570.00), Feagle of ($535.00) and Dorsen of ($315.00) are reasonable market rates for each attorney.   Hurt Affidavit, ¶¶ 27-30.

In addition to the declarations of Plaintiffs' counsel Kris Skaar and that of James W. Hurt, Jr., the requested hourly rates for the three attorneys at Skaar & Feagle, LLP that worked on this case are also consistent with the hourly rates posted for guidance under the Laffey Matrix.   Judge Martin found these rates helpful, but not determinative. *Edwards v. Niagra Credit Solutions*, 1:09-CV-02396 [docket number 30, page 5, Order dated February 9, 2009.] The Laffey Matrix was developed for use in fee shifting cases in the U.S. District Court for the District of Columbia. *USAO Attorney's Fees Matrix – 2015-2019* (*available at* https://www.justice.gov/usao-dc/file/796471/download).

> This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. <u>The matrix is intended to be used in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees</u>.

*Id.* (explanatory note 1, emphasis added). United States District Courts outside of the District of Columbia have frequently applied the Laffey Matrix hourly rates

with local cost of living adjustments.   The U.S. District Court for the Northern District of California applied the Laffey Matrix, taking note that:

> These figures are, however, tailored for the District of Columbia, which has a lower cost of living than New York and Los Angeles (the cities in which class counsel operates). Accordingly, some adjustment appears appropriate here. To make the adjustment, the court will use the federal locality pay differentials based on federally compiled cost of living data. See http://www.opm.gov/ oca/ 07tables/indexGS.asp; In re HPL, 366 F.Supp2d [912, ] 921 [(N.D.Cal. 2005)] (adjusting locality pay differentials based on the geographical region in which lead counsel's firm operated).

*In Re Chiron Corporation Securities Litigation*, 2007 U.S. Dist. LEXIS 91140, 19-20 (N.D.Cal. 2007); *see also Communities For Equity v. Michigan Athletic Association*,   2008 U.S. Dist. LEXIS 25640, *38-39 (W.D.Mich. 2008).

Pursuant to the most recent Laffey Matrix, Kris Skaar's (33 years of experience), James Feagle's (28 years of experience), and Cliff R. Dorsen's (4-5 years of experience) corresponding Matrix hourly rates would be $613.00, $572.00, and $351, respectively. *See* USAO Attorney's Fees Matrix – 2015-2019 (*available at* https://www.justice.gov/usao-dc/file/796471/download)   According

to the Federal Office of Personnel Management, the cost of living in Washington, D.C. (the location for which the Laffey Matrix was originally intended) has a cost of living factor (or "locality payment") of 24.22 percent. https://archive.opm.gov/oca/12tables/html/dcb_h.asp. The Atlanta metropolitan area has a cost of living factor (or "locality payment") of 19.29 percent. https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2011/general-schedule/atlanta-sandy-springs-gainesville-ga-al-annual-rates-by-grade-and-step/.

Using the technique of the *Chiron* case, the upward or downward adjustment from the Laffey Matrix is found by taking the difference between the DC locality factor and the applicable [in this case metro Atlanta] locality factor. This results in a downward adjustment of 4.93 percent. This downward adjustment results in a locality adjusted hourly rate under the Laffey Matrix for attorneys Kris Skaar, James Feagle, and Cliff R. Dorsen of $582.78, $543.80, and $333.70, respectively. During the last year, the market rates published have each increased. Despite this, Plaintiffs' counsel simply seek and urge the court to apply the previous reasonably awarded rates, of $570.00 for Kris Skaar, $535.00 for James Feagle, and $315.00 for Cliff Dorsen, respectively, to the supplemental fee request.

Further, without limiting the court's power, it is "the practice of courts generally to refuse to reopen what has been decided." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (the discussion concerned the "law of the case" doctrine which generally applies to appellate decisions but is in accord with the general principle here); *see also Arizona v. California*, 460 U.S. 605, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) (also applying the "law of the case" doctrine which applied the same principle: "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.")

IV.  Reasonable hours expended.

Plaintiffs' counsel maintains detailed billing records and only seeks recovery of actual attorney time expended that was necessary and reasonable to pursue the case *sub judice*. Plaintiffs have attached an invoice with a detailed accounting of time spent on the case since the default and damage hearing. See Exhibit A. The total amount of billable time expended by the firm and requested by this supplemental fee request is for attorney Skaar was 31.5 hours, for attorney Feagle 12.7 hours, and for attorney Dorsen it was 12.2 hours.  In total the billable time was 56.4 hours.

The Declarations before the Court Show that all of that billable time expended was reasonable and necessary to the successful conclusion of this matter. Skaar Affidavit ¶ 47-48; Hurt Affidavit, ¶ 33. The hours set out in the Invoice and specified below are the reasonable and necessary hours for the significant and successful work that has been done for approximately the last 13 months, for which Plaintiffs should be fully and reasonably compensated.

V.    Calculation of the lodestar.

Once the Court has determined both the reasonable hourly rate and the reasonable number of hours. The final fee is determined by simply multiplying these two factors. The Eleventh Circuit held in an FDCPA case that a prevailing consumer's attorney fee award "is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993).

In this case the reasonable lodestar for each attorney should be calculated as follows:

**[hourly rate of Kris Skaar] $570.00 X 31.5 [hours] =$17,955.00**

**[hourly rate of James M. Feagle] $535.00 X 12.7 [hours] =$6,794.50**

**[hourly rate of Cliff R. Dorsen] $315 X 12.2 [hours] = $3,643.00**

## CONCLUSION

Accordingly, the Plaintiffs request that the Court issue a supplemental award of attorney's fees to Plaintiff in the total amount of $28,592.50 for the successful pursuit of this case after the damages and default hearing, including Plaintiffs' successful opposition to Defendant's objection to the Report and Recommendation and Defendant's motion to set aside.

Respectfully submitted, this 26th day of September, 2019,

      **SKAAR & FEAGLE, LLP**

      by:   /s/ James M. Feagle
            James M. Feagle
            Georgia Bar No. 256916
            jfeagle@skaarandfeagle.com
            Cliff R. Dorsen
            Georgia Bar No. 149254
            cdorsen@skaarandfeagle.com
            2374 Main Street, Suite B
            Tucker, GA 30084
            Telephone:  (404) 373-1970
            Facsimile:   (404) 601-1855

            Kris Skaar
            Georgia Bar No. 649610
            krisskaar@aol.com
            133 Mirramont Lake Drive
            Woodstock, GA 30189
            Telephone:  (770) 427-5600
            Facsimile:   (404) 601-1855

            ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the within and foregoing BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUPPLEMENTAL AWARD OF ATTORNEY FEES and its supporting documents using the CM/ECF system which shall contemporaneously send notice to all counsel of record pursuant to Fed. R. Civ. P. 5(b)(2)(E) and 5(b)(3).

Respectfully submitted, this 26th day of September, 2019,

**SKAAR & FEAGLE, LLP**

by: /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street, Suite B
Tucker, GA 30084
Telephone:   (404) 373-1970
Facsimile:   (404) 601-1855

Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone:   (770) 427-5600
Facsimile:   (404) 601-1855

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF COMPLIANCE WITH LR 5.1B & 7.1D, NDGa.

Pursuant to LR 7.1D, NDGa., I certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1B, to wit:

[x]     Times New Roman, 14 point; or

[ ]     Courier New, 12 point.

Respectfully submitted,

                          **SKAAR & FEAGLE, LLP**

                by:    /s/ James M. Feagle
                          James M. Feagle
                          Georgia Bar No. 256916
                          jfeagle@skaarandfeagle.com
                          Cliff R. Dorsen
                          Georgia Bar No. 149254
                          cdorsen@skaarandfeagle.com
                          2374 Main Street, Suite B
                          Tucker, GA 30084
                          Telephone:  (404) 373-1970
                          Facsimile:  (404) 601-1855

                          Kris Skaar
                          Georgia Bar No. 649610
                          krisskaar@aol.com
                          133 Mirramont Lake Drive
                          Woodstock, GA 30189
                          Telephone:  (770) 427-5600
                          Facsimile:  (404) 601-1855

                          ATTORNEYS FOR PLAINTIFFS