IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEFFREY CROSS; and PAMELA CROSS, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| EQUITYEXPERTS.ORG, LLC d/b/a EQUITY EXPERTS, | : : : | CIVIL ACTION NO. 1:17-cv-03804-AT |
| Defendant. | : : | |

# **ORDER**

This matter is before the Court on Plaintiffs' Supplemental Motion for Attorneys' Fees filed on September 26, 2019. [Doc. 44.] Defendant did not file any Response in opposition. For the reasons set forth below, the motion is DENIED without prejudice and with leave to re-file after the conclusion of the appeal.

## I. Background

On September 12, 2019, the Court entered an Order adopting in part and declining in to adopt in part the Magistrate Judge's Report and Recommendation. (Order, Doc. 42.) In doing so, the Court denied Defendant's attempts to vacate the Court's earlier entry of default,[1] and Default Judgment was entered against Defendant the same day in the total amount of $147,702.35. (Doc. 43.) On September 26, 2019, Plaintiffs filed their Motion for Supplemental Attorneys' Fees,

---

[1] For a thorough recounting of the facts and procedural history in this matter, see this Court's Order and the Magistrate Judge's R&R. (Order, Doc. 42; R&R, Doc. 18.)

seeking a supplemental award of attorneys' fees for the "additional required effort" caused by the "significant litigation activity" relating to the Defendant's late challenges in this matter. (Motion for Supplemental Fees, Doc. 44-1 at 1 & 2.) Defendant did not file any Response or Opposition to this Motion.

On October 10, 2019, Defendant filed a Notice of Appeal. (Doc. 45.) The appeal is currently pending.

## II. Discussion

As an initial matter, the Court notes that, "the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal." *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). "However, the district court may retain jurisdiction to consider motions on matters that are collateral to the matters on appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Accordingly, the "district court may entertain a motion for attorney's fees after a notice of appeal has been filed in the underlying case." *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988) (establishing the "uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final.").

Alternatively, the Court may deny a motion for attorneys' fees without prejudice with leave to re-file after the appeal has concluded. *See* Fed. R. Civ. P. 54(d) Advisory Committee Note to 1993 Amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling

on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); *see also Elver v. Whidden,* No. 2:18-CV-102-FTM-29CM, 2019 WL 718536, at *1 (M.D. Fla. Feb. 20, 2019) (denying motion for attorneys' fees without prejudice and with leave to re-file after conclusion of appeal); *The Indigo Room, Inc. v. City of Fort Myers*, 2014 WL 1174355, *1 (M.D. Fla. Mar. 21, 2014) (same); *S.-Owners Ins. Co. v. Wall 2 Walls Const., LLC*, 2013 WL 6893254, *1 (M.D. Fla. Dec. 31, 2013) (same).

Instead of resolving Plaintiffs' motion during the pendency of the appeal, justice and efficiency are better served at this point by denying the motion without prejudice and granting Plaintiffs leave to re-file the motion after the conclusion of the appeal. *See Bowers v. Universal City Dev. Partners, Ltd.*, 2005 WL 1243745, *2 (M.D. Fla. May 19, 2005) ("If the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal."); *Elver v. Whidden*, No. 2:18-CV-102-FTM-29CM, 2019 WL 718536, at *1 (M.D. Fla. Feb. 20, 2019) (same*); see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 201 (1988) ("We have said elsewhere that '[t]he considerations that determine finality are not abstractions but have reference to very real interests—not merely those of the immediate parties, but, more particularly, those that pertain to the smooth functioning of our judicial system.'") (quoting *Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 69 (1948)).

**III. Conclusion**

Plaintiffs' Motion for Supplemental Attorneys' Fees is **DENIED without prejudice.** [Doc. 44.]

Plaintiffs may refile a Motion for Attorneys' Fees, if appropriate, within **twenty (20) days** of the date that the Eleventh Circuit Court of Appeals issues its Mandate on the pending appeal.

**IT IS SO ORDERED** this 3rd day of August, 2020.

_____
**AMY TOTENBERG
UNITED STATES DISTRICT JUDGE**